HATCH et v NEWARK TELEPHONE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2117. Decided March 23, 1932

Hedges, Hoover & Tingley, Columbus, and Williams, Sinks and Williams, Columbus, for plaintiff in error.

Rector & Rector, Columbus, for defendant in error.

MAUCK, J (4th Dist), sitting for
HORNBECK, J.

MAUCK, J.

Objection has been made to the consideration of the bill of exceptions filed in this court, so far as that is to be employed in reviewing the weight of the evidence, on the ground that the motion for a new trial was not filed within three days after the finding and judgment but was in fact filed prior to such finding and judgment. The question thus raised may not be of consequence inasmuch as the claim of the plaintiff in error does not rest so much upon the weight of the evidence as upon the sufficiency in law of the plaintiff's evidence to support the judgment entered. The

shade of distinction between the two uses is so difficult and delicate, however, that as a practical matter we have in effect overruled the objection made to the bill although unwilling to sanction the practice of prematurely filing a motion for a new trial.

The case in which the bond was given was one in which the plaintiff on April 4, 1928, filed a petition to enjoin a reorganization of The Newark Telephone Company, a temporary restraining order having been given without notice. Thereupon the defendants in that action filed a motion to dissolve that temporary restraining order. The proceeding to dissolve came on for hearing in May after elaborate preparation therefor had been made by those moving for the dissolution. After the hearing upon the motion had proceeded for some time an agreement was reached by counsel that the case should proceed to final judgment, and from that time on the case proceeded to a final judgment resulting in a decree for the plaintiff. Thereupon an appeal was taken by the defendants and after trial in the Court of Appeals the petition of the plaintiff was dismissed and the injunction, of course, dissolved.

The terms of the injunction bond sued upon were in accordance with the language of the statute, to pay to the several defendants all damages which they might sustain "by reason of the issuing of said injunction, and all costs that may accrue if it should be finally decided that said injunction ought not to have been granted."

It is settled in this state by **Noble v Arnold**, 23 Oh St 264, and **Riddle v Cheadle**, 25 Oh St 278, that attorney fees paid for trying a case finally and on its merits, defeating an injunction sought, do not form a basis of the action upon an injunction bond; that the bond indemnifies the obligees only for damages that have resulted from the injunction. The cases referred to, however, do not meet the precise question that we now have.

In this case the defendants moved for a dissolution of the restraining order and prepared for a hearing thereon and proceeded to partially hear that motion. Manifestly, therefore, the defendants did something more than defend a final judgment and incurred liability for counsel fees further than would have been necessary had they awaited the opportunity to submit it once for all when the action was ready for trial. The fact, therefore, seems to be beyond dispute that the defendants were put to extra expense by virtue of the allowance of the restraining order. It may be diffi-

cult to determine just how much extra expense was incurred because of the issuance of the temporary restraining order. It may be difficult to apportion the attorney fees finally paid and say just how much more of attorney fees had to be paid because the temporary injunction was issued. Still these difficulties do not affect the legal principle that the obligees were entitled to recover something for the undoubted damage that did actually follow the issuing of the injunction.

There are many cases in other jurisdictions touching this question. Widely different views are disclosed by an exhaustive collection of them found in the note to Littleton v Burgess, 16 L.R.A. (n.s.) 49. Under the doctrine of some of them, including the authorities relied upon by plaintiff in error herein, no recovery could be had in this case upon this bond. By others of them the contrary view is advanced. The editor recapitulates what he takes to be the soundest view of the multitude of authorities and after pointing out that in some jurisdictions no recovery can be had for attorney fees concludes:

"In other states—and they are the more numerous—the sums paid attorneys, solicitors and counsel as compensation for services rendered in procuring the dissolution of the injunction are recoverable as damages by the obligee from the obligors in the injunction bond in case the injunction fails. The charges must be reasonable, the services must have been necessary, and the fees must have been paid, or at least there must be a legal obligation of the obligee to pay them. If the injunction is ancillary only to the judgment sought, it must be directly attacked and dissolved, save in some very exceptional cases, or the fees will not be allowed. The services, too, for which compensation is claimed, must be exclusively related to the dissolution of the injunction, but the relation is not exceedingly close. The services in preparing the papers and briefs on the application to dissolve, in attending and making the argument in defending the dissolution when it has been challenged on appeal, in preventing the reinstatement of the injunction, and in the proceedings to ascertain the damages, are all sufficiently related to the dissolution."

If, therefore, there was evidence tending to show a line of demarcation running through the services rendered by the attorneys, so that it can be seen that up to one point the services were required or

justified by the injunction and the desire to dissolve it and after that point the services were required only to present the defense against a final decree, then it follows that the obligees were damaged by the temporary injunction to the extent that they incurred attorney fees to dissolve it, although it might well be that not all the services rendered up to the line of demarcation could be said to be elements of damage. There appears to have been in this case manifest damage to some degree.

The record contains a detailed recitation of the services rendered by the attorneys in this case in preparing and filing the motion to dissolve, in gathering testimony and collecting authorities to secure such dissolution, as well as on the partial but actual hearing on that motion. The telephone company had paid its attorneys six thousand dollars in all. The trial court had the power and the difficult duty of determining what part of that sum had been earned by the attorneys and paid to them by reason of the issuance of a temporary restraining order. We can not say that the apportionment made by the trial court was erroneous either as a matter of law or fact, nor are we called upon to substitute our own judgment for that of the trial court.

Judgment affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.