**ALLEN et, Plaintiffs-Appellees, v. COLE et, Defendants-Appellants.**

Ohio Appeals, First District, Butler County.

No. 983. Decided December 6, 1950.

Mark T. Brown, Hamilton, for plaintiffs-appellees.
Sohngen, Parrish, Beeler & Egbert, Hamilton, for defendants-appellants.

## OPINION

By HILDEBRANT, J.:

This law appeal is from the refusal of the Common Pleas Court to allow recovery of attorney's fees incurred in obtaining a dissolution of an injunction, as damages secured by the injunction bond, wherein it was finally determined that the injunction was wrongfully issued.

The chronology of events is set forth in the short narrative Bill of Exceptions, as follows:

"On the 23rd day of July, 1949, plaintiffs filed their petition herein, and therein prayed that the defendants be temporarily restrained, and that on final hearing they be permanently enjoined, from locking or barring the gate or from doing anything which would deny the plaintiffs the right to use and enjoy a certain lane described in the petition. In this petition plaintiffs further prayed that an account of the damage done by defendants blocking said lane be taken and that plaintiffs be awarded judgment therefor and for such other relief as might be just and proper.

"On the same day plaintiffs posted a cash injunction bond in the amount of Two Hundred ($200.00) Dollars and a temporary restraining order was issued restraining the defendants from blocking said lane.

"On August 2, 1949, defendants filed a motion to dissolve the temporary restraining order.

"When counsel for the parties discussed with the Court the setting of a time for a hearing on the motion to dissolve the temporary restraining order, counsel for plaintiffs advised that plaintiffs would seek no relief in the action other than making the temporary order permanent. The Court then suggested that counsel for defendants file an answer and that the hearing on the motion be consolidated with the hearing on the question as to whether the temporary restraining order would be made permanent. Counsel for defendants agreed to this procedure.

"On September 7, 1949, defendants filed an answer and on the same day the cause came on for hearing before the Court sitting without a jury. Both parties produced testimony bearing on the sole question of whether plaintiffs were entitled to the injunction relief sought.

"On October 31, 1949, both parties filed briefs in support of their respective positions.

"In early December, 1949, the Court rendered an opinion in which it held that plaintiffs were not entitled to the injunctive relief prayed for.

"On January 10. 1950, plaintiffs filed a motion asking leave of Court to re-open the matter and introduce additional evidence. This was granted and a further hearing was had before the Court sitting without a jury on March 20, 1950.

"Subsequently defendant filed an additional brief dealing with the effect of the additional evidence introduced by the defendants at the second hearing and on a later date, the plaintiffs filed a reply brief.

"On the 3rd day of May, 1950, defendants filed a motion asking the Court to increase the amount of the plaintiffs' injunction bond. A memorandum of law accompanied the filing of this motion.

"On the 19th day of June, 1950, the Court rendered a supplementary opinion holding that the additional evidence offered by plaintiffs did not change the court's decision and that plaintiffs were not entitled to the injunctive relief sought.

"Also on June 19, 1950, defendants filed a motion requesting the Court to order the Clerk of Courts to pay to the defendants the cash deposited with said Clerk by plaintiffs as their cash injunction bond to secure defendants' damages sustained by reason of the temporary restraining order having been wrongfully issued.

"At a hearing on this motion defendants introduced in evidence a copy of a statement of account rendered to defendants by defendants' counsel for services rendered by counsel in defending the instant suit in the Common Pleas Court. This included services in preparing and filing pleadings and motions, arguing motions, appearing at hearings and preparing entries. A copy of the exhibit referred to is attached hereto and made a part hereof.

"On the 25th day of August, 1950, the Court denied defendants' motion to require plaintiffs to increase the amount of their injunction bond, and also denied defendants' motion to order the plaintiffs' injunction bond forfeited. Defendants noted their exceptions to these two rulings."

Many cases in other jurisdictions under a variety of circumstances disclose widely different views which are set forth in the comprehensive annotation to Kern v. Gentner, 164 A. L. R. 1077, and Littleton v. Burgess, 16 L. R. A., (n. s.) 49, to which reference is made for a broad general view of the whole subject.

The majority rule is stated in 43 C. J. S., p. 1102:

"Attorney's fees are allowable as damages only for serv-

ices rendered in procuring dissolution of the injunction. If injunction is the sole relief sought, fees may be allowed for defending the entire action; but, if other relief is also sought, they generally are not recoverable if the dissolution results merely from a trial on the merits. The services for procuring the dissolution ordinarily must be segregated from services rendered in the case generally, to warrant a recovery therefor."

The rationale of the majority view is stated in 164 A. L. R. 1089:

"The reasoning which supports this view is that a temporary injunction is an extraordinary remedy, that it deprives the defendant of a right claimed by him, even though temporarily, and puts him under a restraint, to remove which he must procure the services of counsel, that the plaintiff in the suit in which the temporary injunction is issued has agreed to pay the defendant's damages in the event it is determined that the temporary injunction was wrongfully issued, and that the expenditure of attorney's fees to remove the temporary restraint are a part of the damages sustained by reason of its issuance."

It is set forth in 16 L. R. A. (n. s.) p. 77:

"In other states— and they are the more numerous—the sums paid attorneys, solicitors, and counsel as compensation for services rendered in procuring the dissolution of the injunction are recoverable as damages by the obligee from the obligors in the injunction bond in case the injunction fails. The charges must be reasonable, the services must have been necessary, and the fees must have been paid, or at least there must be a legal obligation of the obligee to pay them. If the injunction is ancillary only to the judgment sought, it must be directly attacked and dissolved, save in some very exceptional cases, or the fees will not be allowed. The services, too, for which compensation is claimed, must be exclusively related to the dissolution of the injunction; but the relation is not exceedingly close. The services in preparing the papers and briefs on the application to dissolve, in attending and making the argument, in defending the dissolution when it has been challenged on appeal, in preventing the reinstatement of the injunction, and in the proceedings to ascertain the damages, are all sufficiently related to the dissolution."

The basis for a right to recover at all is set forth in 21 O. Jur., p. 1307, wherein it is said to be: "The restraint of lawful right gives a right to the recovery of at least nominal damages."

As to attorneys' fees, it is stated at page 1309, section 231:

"Attorneys' fees necessarily incurred in obtaining dissolu-

tion of an injunction wrongfully issued may be allowed in assessing the damages in an action on the injunction bond. The fact that such fees have not been paid does not affect recovery on the bond. Recovery cannot, however, be had for attorneys' fees in the original case, for services which were not rendered in efforts to dissolve or modify the provisional injunction, or not otherwise occasioned by its allowance or subsistence. Such fees and expenses as are incurred in defeating the action, where the dissolution of the injunction is only incidental to the result, are not recoverable."

In considering the case at bar, it will be noted that it is one wherein the defendant filed a motion to dissolve and pressed that motion at every opportunity until final disposition of the case and that it. is a case wherein injunction was the sole relief sought.

The Ohio authority on this question is meagre and none too clear.

In **Noble v. Arnold, 23 Oh St, 264,** it is stated in the syllabus:

"In an action on an undertaking for an injunction, whereby the plaintiff agrees to pay the defendant 'the damages he may sustain by reason of the injunction,' if it be finally decided that it ought not to have been granted. Held:

"1. That attorney fees and expenses necessarily incurred in obtaining a dissolution of an injunction, may be recovered as damages secured by the undertaking, when it is finally decided that the injunction ought not to have been granted.

"2. But where the attorney fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not damages sustained by reason of the injunction, and no recovery therefor can be had upon the undertaking.

"3. An indebtedness, or liability to pay attorney fees and expenses, incurred in procuring a dissolution of an injunction, is sufficient damage to sustain an action on the undertaking."

In that case the injunction was ancillary, and a motion to dissolve was filed. At page 270, the Court said:

"It is the undoubted privilege of the party to procure a dissolution of an injunction which has been wrongfully obtained. To the extent of the attorney fees and expenses necessarily incurred for that purpose, he is damaged by the injunction. The express undertaking, is to pay 'the damages he may sustain by reason of the injunction,' if it ought not to have been granted. Such expenses, then, come within the damages he is entitled to recover upon the undertaking.

"But as already intimated, a distinction is to be taken between expenses incurred only in procuring a dissolution of

an injunction, and such as are incurred in the defense of an action, to which the injunction is merely auxiliary, and is not essential to the relief sought.

"While, as already stated, we regard the expenses, including reasonable attorney fees, necessarily incurred in procuring a dissolution of an injunction wrongfully granted, as recoverable in an action on the undertaking, when it is finally decided that it ought not to have been granted, we are equally clear that this can not be done, when the expenditure or liability is incurred in defending an action, to which the injunction is only ancillary, and not essential to the relief sought by the action; for it could not then be regarded as damage sustained 'by reason of the injunction.'

"The true rule would seem to be, under an undertaking like the one in this case, that where reasonable attorney fees and expenses are necessarily incurred alone in procuring the dissolution of an injunction, when it is the sole relief sought by the action, or is merely ancillary thereto, and it is finally decided that it should not have been granted, such fees and expenses may be recovered in an action on the undertaking; but where the injunction is only auxiliary to the object of the action, and the liability is incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, no recovery can be had on the undertaking for the attorney fees and expenses occasioned thereby."

In **Riddle v. Cheadle, 25 Oh St, 278,** it was held:

"In an action on an injunction bond, the plaintiff can not recover for attorneys' fees in the original case, except those paid for services rendered in efforts to dissolve or modify the provisional injunction, or otherwise occasioned by its allowance or subsistence."

On its facts, the case is very similar to the one at bar, the injunction restraining the erection of a building on a right of way, but is distinguished by the fact that no motion to dissolve was filed and, therefore, no services were rendered in attacking the temporary order.

In **Hatch v. Newark Tele. Co., 12 Abs., 717,** the Second District Court of Appeals held:

"Attorney fees, paid for trying a case finally and on its merits, defeating an injunction sought, do not form a basis for action upon an injunction bond, but where defendants are put to extra expense by virtue of the allowance of temporary restraining order, such expense may be collected."

The action was to enjoin a reorganization of the telephone company, and a motion to dissolve the temporary order was made. At page 718 the Court said:

"It is settled in the state by **Noble v. Arnold, 23 Oh St 264,** and **Riddle v. Cheadle, 25 Oh St, 278,** that attorney fees paid for trying a case finally and on its merits, defeating an injunction sought, do not form a basis of the action upon an injunction bond; that the bond indemnifies the obligees only for damages that have resulted from the injunction. The cases referred to, however, do not meet the precise question that we now have.

"In this case the defendants moved for a dissolution of the restraining order and prepared for a hearing thereon and proceeded to partially hear that motion. Manifestly, therefore, the defendants did something more than defend a final judgment and incurred liability for counsel fees further than would have been necessary had they awaited the opportunity to submit it once for all when the action was ready for trial. The fact, therefore, seems to be beyond dispute that the defendants were put to extra expense by virtue of the allowance of the restraining order. It may be difficult to determine just how much extra expense was incurred because of the issuance of the temporary restraining order. It may be difficult to apportion the attorney fees finally paid and say just how much more of attorney fees had to be paid because the temporary injunction issued. Still these difficulties do not affect the legal principle that the obligees were entitled to recover something for the undoubted damage that did actually follow the issuing of the injunction."

And, further, it is stated:

"If, therefore, there was evidence tending to show a line of demarcation running through the services rendered by the attorneys, so that it can be seen that up to one point the services were required or justified by the injunction and the desire to dissolve it and after that point the services were required only to present the defense against a final decree, then it follows that the obligees were damaged by the temporary injunction to the extent that they incurred attorney fees to dissolve it, although it might well be that not all the services rendered up to the line of demarcation could be said to be elements of damage. There appears to have been in this case manifest damage to some degree."

Finally, the Court said at page 719:

"The trial court had the power and the difficult duty of determining what part of that sum had been earned by the attorneys and paid to them by reason of the issuance of a temporary restraining order."

The fact that the ultimate hearing on the motion to dissolve and right to make the injunction permanent was, by

direction of the court, consolidated, so that the right to dissolution and the right to a permanent injunction were the subject of the same evidence and effort of counsel at the same time, we do not believe should mitigate against the defendants who never receded at any time from their position of attack upon the temporary order.

We, therefore, conclude that the duty was cast upon the trial court to fix the reasonable value of the attorneys' services as damages recoverable upon the injunction bond.

The judgment is, therefore, reversed and the cause remanded to the Common Pleas Court for the purpose of so doing.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.